UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CURTIS REYNOLDS, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:CV-08-2094 |
| R. MARTINEZ, WARDEN, | : | (Judge McClure) |
| Respondent | : | |

**MEMORANDUM**

December 1, 2008

**Background**

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2241 was filed by Michael Curtis Reynolds ("Petitioner"), an inmate presently confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"). Reynolds has not paid the required filing fee and his petition is not accompanied by a request for leave to proceed *in forma pauperis*. For the reasons set forth below, Petitioner will be granted temporary *in forma pauperis* status for the sole purpose of the filing of this action. However, his petition will be dismissed without prejudice as meritless.

Named as sole Respondent is USP-Allenwood Warden R. Martinez. Petitioner challenges the legality of his federal criminal conviction which occurred in this district. *See United States v. Reynolds*, Case No. 3:05-CR-493 (Kosik, J.).

Specifically, Reynolds claims that he was subjected to a "Vindictive Prosecution" because: (1) he was illegally arrested pursuant to a perjured affidavit of probable cause; (2) evidence obtained in an illegal search was used against him; and (3) a delayed superceding indictment resulted in a violation of his speedy trial rights. As relief, Reynolds seeks dismissal and expungement of his federal conviction, his immediate release, and return of personal property presumably confiscated by the government. Record document no. 1, p. 1. Also attached to the Petition is a letter wherein Reynolds seeks recusal of the undersigned.

**Discussion**

**Recusal**

According to a letter attached to his pending petition, Reynolds seeks recusal on the basis that this Court did not undertake a fair review of his previously filed habeas corpus petition.

It is well settled that a court's rulings in a particular case will not support a request for recusal. *United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983). Rather, recusal is only appropriate when it appears that a judge has "bias generated from a source outside the context of the judicial proceeding." *Id*. A court should recuse itself only if it is shown that the judge's impartiality might reasonably be questioned. *BML Group v. U.S. Pizza*, 1991 WL 259224 *1 (E.D. Pa. Dec. 2, 1991).

This Court has no bias against Petitioner and his instant request appears to merely represent dissatisfaction with prior rulings made by this Court. Accordingly, Reynolds' incorporated request for recusal will be denied.

**Standard of Review**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). Those rules are applicable to § 2241 petitions under Rule 1(b). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt*, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134,141 (6th Cir. 1970).

**Second or Successive Petition**

Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 provides:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

28 U.S.C. § 2244 authorizes dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." *McCleskey vs. Zant*, 499 U.S. 467, 483 (1991). Specifically § 2244 states in relevant part:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus except as provided in section 2255. ...
>
> 3(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Reynolds previously filed two (2) unsuccessful § 2241 petitions with this Court. *See Reynolds v. Bledsoe,* Civil No. 4:CV-08-909 and *Reynolds v. Kosik* Civil No. 4:CV-08-293. The issues raised in Petitioner's present habeas corpus action were asserted in at least one of his prior unsuccessful habeas corpus petitions. There is also no indication that Reynolds applied for and was granted leave to file a second or successive § 2241 petition by the United States Court of Appeals for the Third Circuit.

Thus, because the grounds raised herein were previously raised in Reynolds' prior federal habeas corpus proceedings, this action is tantamount to a successive petition and is subject to dismissal pursuant to 28 U.S.C. § 2244(a).

**§ 2255**

The usual avenues for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is via direct appeal or through submission of a motion under 28 U.S.C. § 2255 in the sentencing court. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). According to the docket of his criminal case, Reynolds has filed a direct appeal which is presently pending before the United States Court of Appeals for the Third Circuit.

Specifically, in an Order dated November 26, 2007, which denied a § 2255 petition filed by Reynolds as being as premature, Judge Kosik noted that Petitioner had a direct appeal pending before the Court of Appeals for the Third Circuit. *See Reynolds*, 3:05-CR-493, Record document no. 318, ¶ 6. The docket contains no indication that the Court of Appeals has rendered a disposition with respect to Petitioner's direct appeal.

Since Reynolds presently has a direct appeal pending before the Third Circuit Court of Appeals, his present request for relief under § 2241 is clearly premature. Furthermore, in the event Reynolds' direct appeal is unsuccessful, the next available avenue for him to challenge the legality of his federal conviction and sentence is via an action under § 2255.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by *motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255 (emphasis added).

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir.), *cert. denied*, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" *Myers v. Booker*, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). Only if it is shown that a §

2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

> It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

*United States v. Brooks*, 230 F.3d 643, 648 (3d Cir. 2000)(citation omitted); *see also Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (same).

Based on the foregoing analysis, Petitioner may not presently assert his challenges to the legality of his federal criminal conviction under § 2241. Accordingly, his petition will be dismissed without prejudice. Reynolds, if he so chooses, may reassert his present claims via his pending direct appeal, or by filing a § 2255 petition. An appropriate Order will enter.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CURTIS REYNOLDS, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:CV-08-2094 |
| R. MARTINEZ, WARDEN, | : | (Judge McClure) |
| Respondent | : | |

**ORDER**

December 1, 2008

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this action.
2. Reynolds' habeas corpus petition is DISMISSED WITHOUT PREJUDICE.
3. The Clerk of Court is directed to CLOSE the case.
4. Based on the Court's determination herein, there is no basis for the issuance of a Certificate of Appealability.

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge